UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAJESH KUMAR MALIK, | ) | Case No.: 5:24 CV 1996 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| PEDIATRIX MEDICAL GROUP, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

The Defendants' Motions to Dismiss are before the Court (Doc. Nos. 5, 8, 10, 12). *Pro se* Plaintiff Dr. Rajesh Kumar Malik filed this action against Pediatrix Medical Group of Sunrise, Florida ("Pediatrix"), the Office of the United States Attorney for the Northern District of Ohio ("U.S. Attorney"), the Stark County Prosecutor and the Tuscarawas County Prosecutor. In his Complaint, he alleges that an unnamed officer with the Federal Bureau of Investigation ("FBI") placed negative information about him in the public domain, which appears as a flag in a criminal background check. He contends that Pediatrix used this information to prevent him from obtaining or maintaining employment. He asserts claims under 28 U.S.C. § 8410, 18 U.S.C. §§ 241, 242, 18 U.S.C. § 2261, and 15 U.S.C. § 1692d. He seeks discovery from the County Prosecutors and the U.S. Attorney, and monetary damages from Pediatrix. Defendants claim Plaintiff failed to establish a basis for federal subject matter jurisdiction and failed to state a viable claim upon which relief may be granted.

**Factual and Procedural Background**

Plaintiff states that he is a neonatology physician. He indicates that in January 2018, he was employed on a part time basis at the Kaweah Delta Medical Center in Visalia, California. He indicates that he and another physician discussed starting their own private neonatology practice. He claims that Pediatrix learned of his discussions with the other physician and "conspired with some FBI officer who placed a negative information about [him] in public domain." (Doc. No. 1 at PageID #: 2). He contends that the information appears as a flag on a criminal background check. Plaintiff alleges that Pediatrix used this information and caused Kaweah Delta Medical Center to revoke an offer of full time employment and terminate his part time employment. He further alleges that the information was used to deny him work at the Marion Medical Center in Marion, Ohio, St. Lukes Medical Center in Sioux City, Iowa, the Fresno Community Medical Center in Fresno, California and the Mercy Medical Center in Redding, California. (Doc. No. 1 at PageID #: 2-3).

Plaintiff alleges that in 2022, he discovered the information in the public domain and consulted with a Canton, Ohio attorney. He contends that the FBI officer in Canton learned about his inquiry and quickly removed the negative information from his profile. He claims that this FBI agent spread rumors about him to damage his reputation, called foreign police and provided them with false information, and contacted his brokerage firm to cause him financial harm.

Plaintiff lists causes of action under 28 U.S.C. § 8410, 18 U.S.C. §§ 241, 242, 18 U.S.C. § 2261, and 15 U.S.C. § 1692d, but does not explain how these statutes apply to the facts of this case. For relief, Plaintiff asks this Court to order the Tuscarawas County Prosecutor to provide him with the name of a Tuscarawas Courty Sheriff's Deputy who lives in Akron, Ohio and exercises at the Jackson Township YMCA. Plaintiff states that he thinks the deputy is stalking, defaming, and

harassing him. He would like the Tuscarawas County Prosecutor to review the deputy's telephone records for contact with the Pediatrix Medical Group in Akron. Plaintiff asks the Court to order the U.S. Attorney to provide the name and telephone records of the FBI agent that is defaming and harassing him. He asks this Court to Order the Stark County Prosecutor to "check the last one year phone records of Jackson Township Police Department police officers involved in so called sting operations to be checked for inappropriate contact with practice manager and other non-physician employees of Pediatrix Medical Group at their practice at Akron Children's Hospital, Akron, Ohio." (Doc. No. 1 at PageID #: 5). He seeks $ 35,000,000.00 in damages from Pediatrix.

The Defendants assert they are entitled to dismissal of this action under Federal Civil Procedure Rules 12(b)(1) and 12(b)(6). The Tuscarawas and Stark County Prosecutors and the U.S. Attorney contend that Plaintiff has not alleged any facts that pertain to them nor has he asserted any legal claims against them. The U.S. Attorney also contends that the Plaintiff has not presented a legal against them for which the United States Government has waived sovereign immunity. Pediatrix states that statutes Plaintiff lists in his Complaint are either fictitious, inapplicable to the facts of the case, or do not provide a private cause of action in a civil case.

**Standard of Review**

A Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a Court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the

contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Rule 12(b)(1) Motions may challenge jurisdiction facially or factually. Fed.R.Civ.P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir.1994). In a facial attack, the challenger asserts that the allegations contained in the Complaint are insufficient on their face to invoke federal jurisdiction. *See In re Title Ins. Antitrust Cases*, 702 F.Supp.2d 840, 884-85 (N.D. Ohio 2010), citing, *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D. Ohio. 1997). By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.* A challenge to subject matter jurisdiction may be considered a factual attack when the attack relies on extrinsic evidence, as opposed to the pleadings alone, to contest the truth of the allegations. *Id*. The Plaintiff has the burden of proving subject matter jurisdiction in order to survive a Motion to Dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990).

In deciding a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted, the Court must determine the legal sufficiency of the Plaintiff's claim. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir.1993). *See also, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (clarifying the legal standard for a Rule 12(b)(6) Motion to Dismiss); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (same). When determining whether a Plaintiff has stated a claim upon which relief may be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations to be true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A

4

Plaintiff is not required to prove, beyond a doubt, that the factual allegations in the Complaint entitle him to relief, but must demonstrate that the "[f]actual allegations [are] enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true." *Id*. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

The Supreme Court in *Iqbal* clarified the plausibility standard outlined in *Twombly* by stating that "[a] claim has facial plausibility when the Plaintiff pleads content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. Making this determination is "a context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

**Discussion**

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded Complaint establishes either that federal law

5

creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff lists his address as Canton, Ohio. He also lists Ohio addresses for the Tuscarawas County Prosecutor, the Stark County Prosecutor and the U.S. Attorney for the Northern District of Ohio. While a party's residence does not necessarily correspond to his or her citizenship in a state, Plaintiff provides no information to suggest he or any of these Defendants are citizens of a state other than Ohio. A Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed.R.Civ.P. 8. As written, the Complaint suggests that diversity of citizenship is not complete and cannot be the basis for federal court jurisdiction.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. A Plaintiff properly invokes federal question jurisdiction under 28 U.S.C. § 1331 when he "pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Jurisdiction is not defeated by the possibility that the Complaint might fail to state a claim upon which relief may be granted. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (internal quotation marks and alterations omitted). However, "[a] claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 ... may be dismissed for want of subject-matter jurisdiction if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh,* 546 U.S. at 513 n. 10 (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). A Complaint also may be dismissed for lack of subject-matter jurisdiction based on the inadequacy of the federal claim when the claim is "totally

6

implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)(the Court is deprived of subject matter jurisdiction where the Complaint is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.")

Here, Plaintiff lists five federal statutes as his causes of action: (1) 28 U.S.C. § 8410 which he indicates contains a cause of action for defamation; (2) 18 U.S.C. § 241; (3) 18 U.S.C. § 242; (4) 18 U.S.C. § 2261; and (5) 15 U.S.C. § 1692d. As an initial matter, 18 U.S.C. §§ 241, 242; and 2261 are criminal statutes. Criminal statutes do not provide a private cause of action to litigant in a civil case. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979); *Booth v. Henson*, 290 Fed. Appx. 919, 920 (6th Cir. 2008). Furthermore, 28 U.S.C. § 8410 does not exist. Title 28 contains statutes that are relevant to the judiciary and judicial procedure. There is not a statute under this title that either contains a § 8410 or that provides a cause of action against a private entity for defamation. Finally, 15 U.S.C. § 1692d provides a cause of action against debt collectors for harassment or abuse in connection with collection of a debt. Plaintiff does not allege that any of the Defendants is a debt collector, or that they engaged in any debt collection practices. This claim is not relevant to the facts of this case. Plaintiff has not cited to a single federal statute which could provide a basis for federal question jurisdiction and none can be found on the face of the Complaint.

Furthermore, the allegations as written in the Complaint, are so vague and attenuated that they fail to state a claim upon which relief may be granted. He claims that some FBI agent or agents discovered negative information about him and placed it in a public domain. He states that Pediatrix

7

conspired with that agent or agents. He does not elaborate on any of these statements. There is no indication of what actions Pediatrix took or how those actions negatively impacted his employment. There is no suggestion of any kind that the County Prosecutors or the U.S. Attorney for the Northern District of Ohio were involved in those actions. The Complaint is so devoid of facts that it fails to state a claim upon which relief may be granted.

## Conclusion

Accordingly, the Defendants' Motions to Dismiss (Doc. Nos. 5, 8, 10, 12) are granted and this action is dismissed under Federal Civil Procedure Rules 12(b)(1) and 12(b)(6). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

January 22, 2025

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.